Clark v. Farnsworth.

---

## JAMES CLARK v. JOHN FARNSWORTH.

### No. 580.

VENDOR AND VENDEE—*Defective Plat— Town Site.* A party purchasing lots on the margin of a town site purchases only the land contained within said lots; and he cannot recover from a grantor a sufficient amount of land owned by said grantor, adjoining said lots, but outside the limits of said town site, to make up a deficiency in the size thereof.

Error from Shawnee district court; Z. T. HAZEN, judge. Opinion filed May 4, 1898. Affirmed.

*S. B. Isenhart*, for plaintiff in error.
*Howel Jones*, for defendant in error.

The opinion of the court was delivered by

WELLS, J.: The contention of the defendant in error that this case should be dismissed for want of

jurisdiction is without merit, as the judgment was for the recovery of real estate and the certificate of the trial judge showed it to belong to one of the excepted classes.

The question in this case is, Do the findings of fact sustain the judgment of the court below? The facts in the case as they were found by the court, so far as we think necessary to state for an understanding of the questions involved, are as follows : When the town site of Topeka was platted and the plat put on record, it was shown thereby that lots 20, 22, 24, and 26 on Polk street were each 25 feet by 150 feet, extending the longer way from an alley westward to said Polk street ; but as a matter of fact only the eastern part of said lots, as platted, was upon the land owned by the party platting the same, and the western part of said lots and that part of Polk street on the west thereof, if located according to the plat, would lap over on the land belonging to Anthony A. Ward, who had nothing to do with the laying out of the town. The land in controversy in this case would have been included in the lots above described had the title thereto been in the proprietor of the town and included in the certificate to the plat ; but the legal title was always in the defendant and his grantors, and they had been in continuous possession of the same until some time subsequent to 1889. Mary E. Lakin, one of the defendant's grantors of said land, had the title thereto from April 27, 1870, to February 17, 1887. David L. Lakin, the husband of Mary E. Lakin, became the owner of whatever title the proprietor of said town could convey to said lots, and on October 22, 1875, he deeded the same by general warranty deed to one of plaintiff's grantors, his wife, Mary E. Lakin, joining, as found by the court, for the purpose

of transferring her inchoate interest therein. It is upon the foundation of this deed that the plaintiff claims title to the tract in question.

There is nothing in the findings of fact to compel us to conclude that Mary E. Lakin joined in the covenants of warranty and seizin in the deed to Guilford G. Gage. On the contrary, the court found that she joined in this deed with her husband, who was the owner of the lots, for the purpose of transferring her inchoate interest in said lots ; and it would not be an unreasonable presumption to conclude that she joined in it in such a way as only to accomplish the desired purpose. But, waiving this and assuming that she joined in the deed in such a way as to make her liable on all the covenants, and then asssuming further that a person conveying a town lot by a general warranty deed warrants the lot to be of the size indicated in the recorded plat, notwithstanding said plat may also show that the lot is contained within geographical limits outside the land in controversy, the question then remains. Can a grantee in such a conveyance recover from the grantor a sufficient amount of land owned by said grantor, adjoining said lots but not within the limits of the town, to make the lots of the required size? This question must be answered in the negative. The plaintiff in error says :

" Where a party deeds property as designated by a plat, that party is bound by that plat, and thereby adopts that plat as a part of the description in his deed ; and such a party can never deny that the property is not just such property as described in the plat."

Would not a proper corrollary to this be, Where a party purchases property as designated by a plat, and the plat shows the property to be within certain section and quarter-section lines, such party can never deny that

the property is all within the lines designated, and is estopped from claiming lands outside thereof? The question in this case is not as to the liability of a grantor on his covenants, but whether a grantee can patch up a deficiency in the size of lots purchased by him in a town, by taking other land belonging to the same grantor lying outside the town. None of the authorities cited by the plaintiff in error sustains this contention; and it cannot be sustained on principle. If A. sells B. a certain specified crib of corn and warrants it to contain 1000 bushels, B. cannot recover from A., out of another crib adjacent, a sufficient amount of corn to make up any deficiency in the amount. His remedy lies in another direction.

The judgment of the court below was correct, and is affirmed.